UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY FALKINS | CIVIL ACTION |
| VERSUS | NO. 21-1749 |
| ROBERT GOINGS, ET AL. | SECTION: "J"(1) |

## ORDER & REASONS

Before the Court is a *Motion for Review of Magistrate Judge's Order and Reasons* **(Rec. Doc. 50)** filed by Defendants, Robert Goings, Jonathan Stringer, Lance Wallace, Jacob Waskom, Robert Tanner, and the State of Louisiana through Louisiana Department of Public Safety and Corrections ("DPSC") and an opposition thereto (Rec. Doc. 51) filed by Plaintiff Larry Falkins. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be denied, and the order and reasons is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

This litigation concerns an incident at the Rayburn Correctional Center in Angie Louisiana involving Plaintiff Larry Falkins, an inmate housed at Rayburn. Plaintiff alleges that Sergeant Robert Goings ordered him to go to Liutenant Jonathan Stringer's office on December 3, 2019. Plaintiff alleges that, in the office, Stringer wrapped his hands around Plaintiff's neck, and Goings punched Plaintiff in the face, resulting in Plaintiff beginning to lose consciousness and fall to the floor. He alleges that Defendants continued to choke and punch him, and kick him in his head and face, so that when he regained consciousness, his eyes were swollen shut; his ear, nose and mouth were bleeding; and a tooth had been knocked out. Plaintiff alleges

that he then was dragged out of the office and evaluated at an infirmary. He was then transported to an emergency department and then evaluated again at University Medical Center. On December 4, 2019, he was discharged back to Rayburn, and his alleged injuries included concussion, both eyes swollen shut, eye sockets fractured, nose injury, tooth knocked out, lip split, and wrist injury.

Defendants completed a post-incident report on December 4, 2019, which states that they conducted a search because an informant reported that Plaintiff was in possession of drugs. The report states that, while being escorted from the dorm to the office, the officer observed Plaintiff to have both eyes swollen. The report also states that, inside the office, Plaintiff put something in his mouth, and then use of force followed until Plaintiff ultimately spit out paper with synthetic marijuana inside. Plaintiff filed an internal grievance on December 27, 2019, stating that camera footage from before and after he entered the office would contradict the officers' report and show that his injuries occurred while he was inside the office.

Plaintiff filed this lawsuit alleging claims under 42 U.S.C. § 1983 for violations of his civil rights, as well as a state law negligence and respondeat superior claim. After the case was removed to this Court, Plaintiff moved for a finding of spoliation and requested an adverse inference sanction against Defendants, arguing that relevant surveillance video footage was not produced and has now been spoliated. Defendants opposed the motion, contending that they had no duty to preserve the videos, and that Plaintiff's eyes were swollen shut before the incident. Defendants also emphasized their document retention policy results in surveillance videos being

automatically overwritten after 30 days. Plaintiff denied that his eyes were swollen and maintained that he was able to walk without assistance before the incident because his eyes were not swollen shut.

After oral argument and viewing the videos, Magistrate Judge van Meerveld issued an Order and Reasons granting the motion in part and denying in part, finding that Defendants had a duty to preserve pre- and post-incident surveillance video but that the adverse inference sanction was not appropriate. (Rec. Doc. 42). The magistrate judge found that Plaintiff's ARP should have put Defendants on notice of a duty to preserve video of Plaintiff from before and after the incident in the office, because Plaintiff specifically asserted in his report that surveillance video from before the incident would contradict Defendants' report. (Rec. Doc. 42, at 11). In considering whether the duty to preserve extended to the specific videos Plaintiff requested, the court found that only two of the six videos would be relevant and subject to the duty to preserve: footage of Plaintiff being escorted after the incident and footage of Plaintiff walking through a TV room to the office. *Id.* at 12-13. The court also found that these pre- and post-incident videos were lost when they were automatically overwritten, and Defendants failed to take reasonable steps to preserve the videos. *Id.* at 13-14. The court found that the post-incident video was sufficiently replaced by other post-incident photos and videos that were preserved, so spoliation sanctions were unnecessary. *Id.* at 14.

However, because Defendants did not propose any alternative discovery to replace the pre-incident video and because the parties dispute whether Plaintiff's

injuries were caused by the officers or were pre-existing, the court found that Plaintiff would be prejudiced by the loss of this video. *Id.* at 15. To remedy the prejudice that Plaintiff suffered from the loss of pre-incident video, the court ordered that Defendants be bound by an earlier stipulation during Plaintiff's disciplinary proceedings in which Defendants conceded that Plaintiff could walk without assistance prior to the incident. *Id.* at 17.

After requesting an extension of time to object to the order, Defendants filed the instant motion for review of the Magistrate Judge's Order and Reasons, objecting to the order that they be bound by their earlier stipulation. (Rec. Doc. 50-1). Plaintiff argues first that because the objection was filed more than fourteen days after the order was entered, this Court's standard of review should be clear error. (Rec. Doc. 51, at 4). Plaintiff also contends that that the Magistrate Judge's order was too lenient and this Court should preclude Defendants from claiming he had facial injuries before entering the office. *Id.* at 24.

## **LEGAL STANDARD**

A magistrate judge's ruling on a nondispositive pretrial motion may be appealed to the district judge for review pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. A magistrate judge is afforded broad discretion in resolving such motions, and the standard of review is deferential. When a timely objection is raised to such a ruling, the district judge must review the magistrate's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A legal conclusion is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ambrose-Frazier v. Herzing Inc.,* No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016).

For issues that are committed to a magistrate judge's discretion, such as the resolution of discovery disputes, the decision will be reversed only for an abuse of discretion. *Id.*; *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (3d ed. 2014).

## **DISCUSSION**

In their motion for review, Defendants request *de novo* review of the Magistrate Judge's Order and Reasons, citing 28 U.S.C. § 636(b)(1), which reads:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C.A. § 636 (b)(1). However, Defendants misstate the standard of review in this case by citing the standard used for recommendations by magistrate judges, rather than for orders on discovery motions. Federal Rule of Civil Procedure 72(a) and 28 U.S.C.A. § 636 (b)(1)(A) both dictate that the standard of review for a nondispositive pretrial matter is reviewed under the clearly erroneous standard. Further, the sanction at issue in the Magistrate Judge van Meerveld's order is a motion for sanctions in a discovery dispute. The order does not dispose of a claim or defense. Thus, the Court will review the nondispositive order here under the standard set forth in Rule 72(a) and reverse only for an abuse of discretion.

Next, the Court considers whether the decision to require defendants be bound by their earlier stipulation was an abuse of discretion. Judge van Meerveld found, and Plaintiff maintains, that the destruction of pre-incident video showing the Plaintiff was prejudicial to Plaintiff on the issue of whether his injuries were caused by the officers or were pre-existing.

Defendants argue that, because the Magistrate Judge found that Defendants had not acted in bad faith or with the intent to deprive Plaintiff of the ability to use the video in this lawsuit, a finding of spoliation cannot apply. They also argue that the Magistrate Judge erred in finding that the videos should have been preserved as electronically stored information under Federal Rule of Civil Procedure 37(e).

Federal Rule of Civil Procedure 37(e) provides that a party may be sanctioned for not preserving relevant electronically stored information ("ESI"). Rule 37(e) states that

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>    (A) presume that the lost information was unfavorable to the party;
>    (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>    (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37. Thus, four elements must exist before a court may sanction a party for lost ESI: (1) the ESI should have been preserved; (2) the loss of that ESI; (3) the lost ESI resulted from a party's failure to take reasonable steps to preserve it; and (4) the lost ESI cannot be restored or replaced through additional discovery. *Grant v. Gusman*, No. CV 17-2797, 2020 WL 1864857, at *8 (E.D. La. Apr. 13, 2020) (citing *Flores v. AT&T Corp.*, No. EP-17-CV-00318-DB, 2018 WL 6588586, at *4 (W.D. Tex. Nov. 8, 2018)).

The 2015 Advisory notes to Rule 37(e) provide a few pertinent points distinguishing the 2015 amended rule from the previous version of the rule. Specifically, the rule does not create a new duty; instead, it is based on a common law duty to preserve relevant information when litigation is reasonably foreseeable, so courts should consider whether and when the duty to preserve arose. Fed. R. Civ. P. 37(e), Advisory Committee Notes, 2015. The notes also distinguish between Rule 37(e)(1) and 37(e)(2), stating that a court may resort to (e)(1) measures only upon a finding of prejudice, which includes an evaluation of the information's importance in the litigation. *Id*. Upon a finding of prejudice, the court is authorized to employ

measures no greater than necessary to cure the prejudice. *Id.* Conversely, subdivision (e)(2), which governs jury instructions on adverse inferences, applies when the court finds that a party acted with the intent to deprive, but does not include a requirement that the court find prejudice to the party deprived of the information. *Id.*

Here, regarding the missing pre-incident video at issue in the present motion, the magistrate judge found the existence of all four elements justifying the measure employed to cure the prejudice. First, the video should have been preserved because the ARP put Defendants on notice that the video was relevant to litigation, because it might have captured Plaintiff's condition before the incident. (Rec. Doc. 42, at 12-13). Second, the video was lost because it was automatically overwritten. *Id.* at 13. Third, Defendants' failure to take reasonable steps to preserve the video caused the loss of the video. *Id.* at 14 And fourth, the lost video from before the incident cannot be produced with additional discovery, so Plaintiff is prejudiced. *Id.* at 14-15.

Although the magistrate judge did not find bad faith justifying the more extreme sanctions in Rule 37(e)(2), the court correctly found that the prejudicial effect of the loss of the video—that Plaintiff may have been able to walk unassisted in advance of the incident—justified the measure employed under Rule 37(e)(1). To remedy the prejudice, the court ordered that Defendants be bound by their earlier stipulation regarding Plaintiff's condition: that he was able to walk without assistance prior to the incident. (Rec. Doc. 42, at 16-17). Noting the level of deference required in reviewing this decision, the Court also agrees that the measure employed is no greater than necessary to cure the prejudice. The stipulation required is limited

to address the singular issue that could have been resolved by the pre-incident video: whether Plaintiff could walk unassisted before the incident. Therefore, the Court finds no abuse of discretion.

Accordingly,

## CONCLUSION

**IT IS ORDERED** that Defendants' *Motion for Review of Magistrate Judge's Order and Reasons* **(Rec. Doc. 50)** is **DENIED**. The Magistrate Judge's Order and Reasons (Rec. Doc. 42) is **AFFIRMED.**

New Orleans, Louisiana, this 5th day of December, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE